METCALF, ET. AL. vs. THE CITY OF ST. LOUIS.

The act of the Legislature authorizing the city of St. Louis to make quarantine regulations, is not a delegation of legislative power, and such ordinances are not against the constitution of this State or of the United States.

*Metcalf, et. al. vs. The City of St. Louis.*

## APPEAL from St. Louis Court of Common Pleas.

CALLAHAN, *for Plaintiff in error, insists:*

1. That the ordinance pleaded is in conflict with the laws of the land, because it is the prerogative of Congress (Story on the Constitution, 369, book 3, ch. 15, sec. 522,) or of the State Legislature, (Gibbons vs. Ogden, 9 Wheat., 1,) to enact quarantine laws; and because the Legislature could not, under the Constitution grant to the city power necessary to the making of such an ordinance, Sta. Con., art. 3, sec. 1.

2. There is not any thing stated in either the second or third plea, which avoids the action, even if the ordinance was lawful, because individual property cannot be taken, or which is the same thing, individual rights impaired, without just compensation. *Exparte* Jennings, 6 Cow., 518, 525; Barron, et. al. vs. The Mayor of the City of Baltimore, 4 Am. Jur., 202; Sta. Con., art. 13, last sentence of sec. 7.

HAIGHT, *for Defendant in error, insists:*

1. That the City Council of St. Louis have power by the charter, "to make regulations to prevent the introduction of contagious diseases into the city; to make quarantine laws for that purpose, and enforce the same within ten miles of the city," s. 2, art. 3, of the act entitled, "An act to reduce the law incorporating the City of St. Louis, and the several acts amendatory thereof, into one act, and to amend the same;" approved, February 8, 1843. Under this power, the ordinance set out in the pleas, was passed by the city council, Sept. 2, 1843, and it is not perceived why it is not valid and a perfect protection to the city and its officers, against any claim of the plaintiffs in this suit. The ordinance is reasonable and such as has been adopted by most cities.

2. A municipal corporation is not liable for the improper execution of a work by agents, whom they are obliged to employ. It is when a duty specifically enjoined upon the corporation, *as such*, has been wholly neglected by its agents, that any liability is incurred. Baily vs. The Mayor, &c., of New York, 3 Hill., 531; Mayor &c., of New York vs. Furze, Ibid. 618.

McBRIDE, J., *delivered the opinion of the Court.*

This was an action on the case brought by the plaintiffs against the defendant in the St. Louis Court of Common Pleas. The declaration contained several counts, varying the statement of the cause of action, but amounting in substance as follows: In the summer of 1846, the steam boat "Lehigh," the property of the plaintiffs, regularly licensed, &c., navigating the river Mississippi, and engaged in the transportation of freight and passengers, on a voyage from Cincinnati to St. Louis, arrived at the common landing of St. Louis, with a load of freight and a number of passengers, when the agents and servants of the defendant, by direction and authority of the defendant, prevented the discharge of freight and the landing of passengers from the boat, and required the boat to leave the port, and prevented her from landing for the space of ten days, &c.

The defendant pleaded, first, the general issue; second, an ordinance of the city council of St. Louis, approved, 2d September, 1843, by which it was ordained, "that if from information or any other means, the Mayor, the President of the Board of Health, or the health officer, shall have cause to suspect that any steam or other boat, is about to land, or has landed, within the limits of the city, or within ten miles thereof, with the small pox or other contagious disease on board, or whose crew and passengers have been lately exposed to the infection of the small pox, or other contagious disease, it shall be the duty of the Mayor to order an examination by the health officer or some respectable physician, and if upon such examination, it should be the opinion of such officer or physician, that it would be unsafe to the city, that such boat be permitted to land her passengers, crew or cargo, he shall thereupon cause the said boat to descend the river the distance of at least five miles from the city, and there perform quarantine for any number of days, not exceeding thirty, as in the opinion of the health officer or physician shall be deemed expedient." The plea averred, said ordinance remained in full force from its passage until the commencement of this suit, and that the health officer of said city, had cause to suspect that said boat had landed within the limits of the city, and that the passengers on board of the boat had lately been exposed to the infection of the small pox, and that the Mayor caused an examination to be made by the health officer of the city; and upon such examination it was the opinion of the health officer that it would be unsafe to the city for the boat to be permitted to land her passengers, crew or cargo; and thereupon, the Mayor caused the boat to descend the Mississippi, and perform quarantine fifteen days, the time deemed necessary by the health officer, &c.

Third plea substantially the same as the second.

To the second and third pleas the plaintiffs filed a general demurrer, to which there was joinder; whereupon the court of Common Pleas overruled the demurrer, and gave judgment for the defendant; the plaintiffs have brought the cause here by writ of error.

The only question in the case, is whether the city authorities had power to pass the ordinance set out in the plea.

By the provisions of an act of the General Assembly of the State, entitled, "An act to reduce the law incorporating the city of St. Louis, and the several acts amendatory thereof, into one act, and to amend the same," approved, February 8, 1843; power is conferred on the Mayor and city council, within the city, by ordinance, "to make regulations to prevent the introduction of contageous diseases into the city; to make

quarantine laws for that purpose, and enforce the same within ten miles of the city." See art. 3, sec. 2, fourth subdivision.

Here is a clear and explicit delegation of power to pass the ordinance in question. The ordinance appears on its face to have been regularly passed and approved. If the ordinance adopted on this subject be void for want of legal authority, it will follow that the Mayor and Council can pass no ordinance whatever; and, that the General Assembly can impart no such power to any one corporation. This cannot be seriously contended. We are refered to the 1st sec., of the 3d art., Constitution of this State, which declares that, "the legislative power [of the Government] shall be vested in a General Assembly, which shall consist of a Senate and of a House of Representatives." We can see no conflict between this clause and the authority conferred by the General Assembly on the Mayor and City Council of St. Louis. The grant of power to pass ordinances for the government of the city of St. Louis, not inconsistent with the Constitution and laws of the State, is not a delegation of the law making power of the government, delegated by the Constitution to the General Assembly.

The same division of the powers of government, as is found in the Constitution of this State, is to be found likewise in the Constitutions of the several States of this confederacy; the same power given to the municipal authority of St. Louis, is to be found in the laws of most of the States, given to the municipal authorities created by the laws of such States; and similar ordinances to the one under consideration, have been adopted, and when occasion required, enforced by the municipal authorities, under the power conferred by their charter; and we know of no single instance in which any court has held, that it was not a legitimate exercise of power. If this be so, it is at least a very pursuasive argument why we should not disturb the settled order of things.

The judgment of the court of Common Pleas is affirmed.